IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PAUL J. CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 2015-_____ |
| | ) | |
| vs. | ) | <u>COMPLAINT</u> |
| | ) | |
| THE TOWN OF ATLANTIC BEACH, | ) | (False Imprisonment, Conversion, Abuse of |
| A Political Subdivision of the State of | ) | Process, Violations of the First, Fourth, and |
| South Carolina, and THE TOWN OF | ) | Fourteenth Amendments to the Constitution |
| ATLANTIC BEACH POLICE | ) | of the United States of America, and |
| DEPARTMENT, | ) | Violation of 42 U.S.C. § 1983) |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| _____ | ) | |

TO:     THE DEFENDANTS ABOVE NAMED:

COMES NOW THE PLAINTIFF, by and through the undersigned, who complaining of the above named Defendants would show and allege unto this Court as follows:

<u>FOR A FIRST CAUSE OF ACTION</u>
(42 U.S.C. § 1983)

1. Plaintiff is a citizen and resident of Horry County, South Carolina. That further, Plaintiff was a citizen and resident specifically of the Town of Atlantic Beach, South Carolina, until Plaintiff was forced to move due to the owner of the complex forcing the tenants of the complex to leave in order to rent the rooms to attendees of the Atlantic Beach Bikefest.

2. That Defendant Town of Atlantic Beach is a municipal corporation and political subdivision of the State of South Carolina, hereinafter referred to as "Town".

3.   That Defendant Town of Atlantic Beach Police Department is a law enforcement agency of Defendant Town of Atlantic Beach, hereinafter referred to as "Police".

4.   That Plaintiff has, at all time relevant to this action, been involved in "political watchdog" activity, which included, but was not limited to, attending Town Council meetings, Municipal Court Sessions, and reporting on the occurrences, as well as investigating corruption and illegitimate activities by the Defendant Town, including but not limited to the use of Town funds, failure to enforce Town Ordinances and political activities of candidates and elected officials of Defendant Town.

5.   That Plaintiff's activities have received attention from print, electronic and on-line media.

6.   That on or about September 29, 2010, Plaintiff was assaulted by Darnell Price, the husband of Councilmember Windy Price, which resulted in Mr. Price being arrested and a mutual no contact order being issued concerning Plaintiff and Mr. Price

7.   That Mrs. Price is a public figure and has intentionally inserted herself into the public spectrum due to, among other things, her involvement as a member of the town council for Defendant Town.

8.   That Plaintiff had been engaged in an investigation of Councilmember Price in an effort to show that she was ineligible to be elected to town council for Defendant Town as she did not reside within the geographic limits of Atlantic Beach, which is a requirement to be eligible to serve on town council.

9. That a second altercation occurred on or about October 5, 2010, approximately Six (6) days after Mr. Price's bond hearing, between Mr. Price and Plaintiff at a local restaurant in Atlantic Beach, South Carolina, where Mr. Price was the instigator of the contact.

10. That on or about November 8, 2010, Eric Lewis, Chief of Police for the Town of Atlantic Beach obtained Arrest Warrant J-745105 for Plaintiff alleging First Degree Harassment against Plaintiff and a Search Warrant for Plaintiff's residence containing the following description:

    a. "608 31st Avenue South, Atlantic Beach, SC villas 1 and 2. Unit #16 located in building #1 upstairs unit which sit [sic] at the end of Building #1 Unit #108 sits directly under unit #16. The building is Yellow in Color. This Unit has a white door with the number 16 on it."

11. That the Search Warrant identified the property to be seized as "any audio and video log being on computer, flash drives, memory card and any audio, video photographic equipment and all documents and or files relating to Darnell Price, Windy Price and their children." A copy of Arrest Warrant J-745105 and the accompanying Search Warrant are attached as Exhibit A.

12. That upon service of the Search Warrant upon Plaintiff on November 9, 2010, Chief Eric Lewis, on behalf of Defendant Police seized the following items, to wit:

    a.    11 Panasonic 1.4 GB DVD-R in case (unmarked);

    b.    9 Sony 1.4 GB DVD-R in case (unmarked);

c.      4 Fuji 1.4 GB DVD-R in case (unmarked);

d.      10 Memorex 1.4 GB DVD–R in case (unmarked);

e.      1 AB DVD-R marked 11 5 08;

f.      1 DVD-R marked AB 010708 vol 3;

g.      1 DVD-R marked AB 042208 (2/3);

h.      6 Office Depot 1.4 GB DVD-R in case (unmarked);

i.      1 DVD-R AB 042208 (1/3);

j.      1 DVD-R marked 010708;

k.      1 DVD-R marked AB 010708;

l.      1 DVD-R marked AB 012208;

m.      1 DVD-R marked AB 010708;

n.      2 DVD-R marked AB 061708;

o.      2 DVD-R marked AB052008;

p.      3 DVD-R marked AB 050508;

q.      2 DVD-R marked AB 060908;

r.      2 DVD-R marked 030308;

s.        1 DVD-R marked AB 031808;

t.        1 DVD-R marked AB 032508;

u.        1 DVD-R marked AB 060208;

v.        1 DVD-R marked AB 021208;

w.        1 DVD-R marked AB 042208 (3/3);

x.        2 DVD-R marked AB 020209;

y.        2 DVD-R marked AB 100107;

z.        2 DVD-R marked AB 020408;

aa.       2 DVD-R marked AB 040708;

bb.       3 DVD-R marked AB 021908;

cc.       1 DVD-R marked AB 020308;

dd.       1 DVD-R marked AB 010410;

ee.       2 DVD-R marked 122209 AB;

ff.       1 DVD-R marked AB 033110;

gg.       3 DVD-R marked AB 110509 1-3;

hh.       3 unmarked Memorex DVD-R 1.4 GB;

ii.        4 Memorex DVD-R 1.4 GB unmarked;

jj.        6 FujiFilm DVD-R 1.4 GB unmarked;

kk.        1 DVD-R marked 102110 AB;

ll.        6 Polaroid DVD-R 1.4 GB unmarked;

mm.        2 Memorex DVD-R 1.4 GB unmarked;

nn.        1 DVD-R Sony 1.4 GB unmarked;

oo.        1 Polaroid DVD-R 1.4 GB unmarked

pp.        1 DVD-R marked AB 103010;

qq.        1 DVD-R marked AB 110209;

rr.        1 DVD-R marked 102009 AB;

ss.        1 DVD-R marked 0917 AB;

tt.        3 CD-R TDK unmarked;

uu.        1 Maxwell CDR unmarked;

vv.        3 DVD-R unmarked

ww.        2 DVD-R marked 092308 4.7 GB;

xx.        1 DVD-R DL marked Town of AB;

yy.        1 DVD-R DL marked 090808;

zz.        1 DVD-R DL marked Town of AB;

aaa.       2 DVD RW Staples unmarked;

bbb.       1 DVD-R Office Depot 4.7 GB unmarked;

ccc.       1 DVD-R marked AB 050508 4.7 GB;

ddd.       2 DVD-R marked AB 081908;

eee.       1 DVD-R marked The Sound of Silence;

fff.       1 CD Uniden;

ggg.       1 CD marked Powerchute;

hhh.       1 Recovery Disk 1;

iii.       1 Gateway OS Disk;

jjj.       1 DVD Cam Software Disk;

kkk.       1 Gateway OS Disk;

lll.       1 CD marked mug shots;

mmm.       1 CD marked Uniden Bearcat BCD396XT;

nnn.       1 Recovery Disk 2;

ooo.     1 CDR marked AB Voter Reg. 101909;

ppp.     1 Scandisk Flash Drive 2GB;

qqq.     1 Scandisk Flash Drive 32 GB Backup;

rrr.     1 Scandisk Flash Drive 8GB;

sss.     1 Scandisk Flash Drive 2 GB;

ttt.     1 Lexar Memory Card Reader;

uuu.     1 Scandisk Micromate Memory Card Reader;

vvv.     1 Scandisk SDHC 4 GB;

www.     1 Scandisk SD Card 2GB;

xxx.     1 Lexar SD Card 1GB;

yyy.     1 Seagate 640GB HD portable;

zzz.     2 DVD-R AB 080408;

aaaa.     1 CDR marked Fire on 30th Ave S;

bbbb.     1 DVD-R marked Curry Save Our Playground;

cccc.     1 CDR marked 100110;

dddd.     1 DVD-R marked Curry;

eeee.    1 DVD-R marked Darnell Price 010410;

ffff.    1 DVD-R marked Darnell Price;

gggg.    1 DVD-R marked CME Church 091210;

hhhh.    1 CDR marked Harassment 091808;

iiii.    1 DVD-R marked Alice Graham 2008;

jjjj.    2 DVD-R 070708 AB;

kkkk.    1 DVD-R marked 092308;

llll.    1 DVD-R marked AB 101608;

mmmm.    1 DVD-R marked AB 101607 vol. 2;

nnnn.    1 DVD-R marked Black Pearl at Night;

oooo.    1 DVD-R marked AB At Night;

pppp.    1 DVD-R marked AB 110507;

qqqq.    1 DVD-R marked AB 072809;

rrrr.    1 DVD-R marked AB FOIA;

ssss.    1 DVD-R marked AB 010509;

tttt.    1 DVD-R marked AB 122408;

uuuu.     2 DVD-R marked AB 050409 PT.1,2;

vvvv.     2 DVD-R marked AB 050509 1,2;

wwww.     1 DVD-R marked AB 061609 1-2;

xxxx.     2 DVD-R marked AB 062909 1-2;

yyyy.     3 DVD-R marked 070609 1-3;

zzzz.     3 DVD-R marked AB 072009 1-3;

aaaaa.     2 DVD-R marked AB092209 1-2;

bbbbb.     2 DVD-R marked AB 091709 1-2;

ccccc.     2 DVD-R marked AB 091409 1-2;

ddddd.     1 DVD-R marked AB 090909;

eeeee.     1 DVD-R marked AB 082509;

fffff.     1 DVD-R marked AB 090409;

ggggg.     1 DVD-R unmarked;

hhhhh.     1 DVD-R marked AB 111709;

iiiii.     1 DVD-R marked AB 111609;

jjjjj.     8 DVD-R unmarked 1.4GB FujiFilm;

kkkkk.     3 DVD-R marked AB 110509 1-3;

lllll.     1 DVD-R marked AB 011210.

13. That thereafter, upon information and belief, the seized items listed above were, upon information and belief, cataloged and held by Defendants Town and Police. A copy of the Evidence Record for the Search Warrant accompanying Arrest Warrant J-745105 dated November 9, 2010 is attached hereto as Exhibit B.

14. That in addition to the items set out in the Evidence Record for the Search Warrant attached as Exhibit B, the following items were also seized and held by Defendants Town and Police:

   a.     Gateway Computer Tower;

   b.     Hitachi Camcorder;

   c.     Seagate external hard drive;

   d.     Nikon battery charger;

   e.     Nikon batter;

   f.     Hitachi batter charger; and

   g.     Hitachi battery.

15. Subsequently, after posting bond, Defendant Town and Defendant Police caused Three (3) Rules to Show Cause (RTSC) to be filed against Plaintiff alleging that Plaintiff had

violated the conditions of his Bond Order. That further, of those filed RTSC, Two (2) were never heard and ultimately dismissed.

16. That a hearing was held before the Honorable Steven H. John, Chief Administrative Judge for the Court of General Sessions for the Fifteenth Judicial Circuit, whereby Judge John modified Plaintiff's Bond Order which allowed for Plaintiff to "attend scheduled public meetings held at the Atlantic Beach Community Center… and may remain present during those scheduled meetings…must leave once any scheduled meeting adjourns and must leave 32nd Avenue South, Atlantic Beach, SC, west of U.S. Highway 17 immediately." A copy of the Order Modifying Bond is attached hereto as Exhibit C.

17. That at the hearing held by Judge John, the complaining witness, namely Darnell Price, was not present; however, Windy Prince was allowed to testify as to how she believed Plaintiff had violated the Bond Order.

18. On or about November 21, 2011 at approximately 7:00 p.m., Plaintiff entered Atlantic Beach for the purposes of a scheduled disenfranchised voter's meeting which was open to the public, after which Officer John Jackson of Defendant Atlantic Beach Police Department initiated a traffic stop and accosted Plaintiff.

19. That Plaintiff made an audio recording of the incident in which Sargent Jackson informs Plaintiff that he was told to arrest Plaintiff for violating his Bond Order. Furthermore, during this incident Officer Jackson states: "Mr. Curry, it's all a bunch of bullshit, but I have to do my job. I'm sorry."

20. That thereafter, on November 21, 2011, Plaintiff was transported to J. Reuben Long Detention Center in Conway, South Carolina and was held overnight pending a bond hearing.

21. That on November 21, 2011, Sargent Jackson of Defendant Police, served South Carolina Uniform Traffic Ticket 84509 EQ upon Plaintiff indicating that Plaintiff was being charged with "Harassment 2 & Stalking 2". A copy of Uniform Traffic Ticket 84509 EQ is attached hereto as Exhibit D.

22. That on November 22, 2011, a bond hearing was held at J. Reuben Long Detention Center Bond Court by the Honorable Cheveron T. Scott, Municipal Judge for the Town of Atlantic Beach, South Carolina, during which it was determined that neither the charges of Harassment 2nd, Stalking 2nd, nor a violation of a Condition of Bond was properly charged on a Uniform Traffic Ticket.

23. That during the Bond Hearing, Judge Scott had Sargent Jackson serve Arrest Warrant J745160 upon Plaintiff at the Judge's Bench. A copy of Warrant J745160 is attached hereto as Exhibit E.

24. Thereafter, Plaintiff again posted bond and was released. That further, Plaintiff was required to post a Three Thousand and 00/100ths Dollars ($3,000.00) bond which was equal to Six (6) times the maximum fine, Five Hundred and 00/100ths Dollars ($500.00) associated with the charge.

25. That on or about January 31, 2012, Plaintiff visited the Town Hall for Defendant Town to request, pursuant to the Freedom of Information Act, information concerning the identity

of the Town Attorney. That further, Defendant Town had refused to provide the requested information to Plaintiff on Two (2) previous occasions. Upon this refusal, Plaintiff indicated that he would consider the failure to provide information to Plaintiff as another refusal.

26. At that point, Interim Town Manager, Benny Webb, exited from his office and engaged in a verbal and physical altercation with Plaintiff. The exchange escalated prompting Plaintiff to call Horry County Police Dispatch from his cell phone. Subsequently, Benny Webb, the Interim Town Manager of Defendant Town physically forced Plaintiff from Town Hall.

27. Once outside Town Hall, Benny Webb threatened Plaintiff stating: "One of these days I'm going to knock the living shit out of you." That further, Interim Town Manager Webb continued to verbally threaten and berate Plaintiff by calling him "racist" and a "pedophile." That further, Sargent Jackson of the Defendant Police was present for this portion of the altercation.

28. As a result of the altercation, Interim Town Manager Webb was arrested on May 3, 2012 and charged with Assault and Battery 3rd degree, resulting in a conviction at a jury trial. After appeal was taken from the Magistrate Court's conviction, the conviction was affirmed by Order of the Circuit Court for the Fifteenth Judicial Circuit on July 31, 2014. That further, Interim Town Manager Webb appealed the matter to the South Carolina Court of Appeals which upon information and belief, has not yet been heard.

29. That on or about December 1, 2012, Officer Justin Jones obtained Arrest Warrant M975785 from the Honorable Christopher J. Arakas, Horry County Magistrate based upon a narrative of Officer Kenneth Kovarsky, charging Plaintiff with Harassment 1st. A copy of Warrant M975785 is attached hereto as Exhibit F.

30. That Plaintiff requested a Preliminary Hearing in connection with the issuance of Arrest Warrant M975785 which resulted in Warrant M975785 being dismissed at the Preliminary Hearing due to a finding that the alleged conduct was a bond matter. A copy of Correspondence from Assistant Solicitor Scott A. Graustein dated January 23, 2013 is attached as Exhibit G.

31. On February 18, 2013, a hearing was held before the Honorable Margie B. Livingston, Presiding Judge for Horry County Central Jury Court concerning Warrant Numbers J745105, J745160 and Uniform Citation Number 84509 EQ.

32. On March 19, 2013, Judge Livingston issued an Order Setting Trial Date, Scheduling Discovery, Dismissing any Pending ancillary Matters and Modifying Conditions of Bond, which was filed March 19, 2013. A copy of the March 19, 2013 Order issued by Judge Livingston is attached hereto as Exhibit H.

33. After a hearing, the Order set the matter for trial on July 9, 2013 concerning Warrant Numbers J745105, J745160 and Uniform Citation Number 84509 EQ; required the Town of Atlantic Beach to provide *Brady* responses no later than March 11, 2013; dismissed any Rule to Show Cause which may be pending concerning alleged violations of bond; lifted all special conditions of bond except the "no contact" provision and the prohibition

on photographing or videoing the alleged victims in their private lives; and transferring Uniform Citation Number 84509 EQ to Horry County Central Jury Court to be properly disposed of.

34. On July 9, 2013, the matter was called for trial before the Honorable Margie B. Livingston.

35. While attending to pre-trial matters, counsel for Plaintiff in the criminal case advised the Court that although a Preliminary Hearing had been timely requested by Plaintiff, a hearing had neither been scheduled nor held. That further, as a result, Plaintiff's counsel moved for a Probable Cause hearing which was unopposed by Defendant Town.

36. That as a result of the Probable Cause hearing, Judge Livingston issued an Order making several factual findings. A copy of Order from the July 9, 2013 hearing filed August 21, 2013, is attached hereto as Exhibit I.

37. That Judge Livingston, in dismissing Warrants J745105, J745160 and Uniform Citation 84509 EQ with prejudice, found as follows:

   a. That as to Warrant J745105, the State had failed to prove probable cause to justify the charge; had originally been brought in Court of General Sessions, transferred to Municipal Court for the Town of Atlantic Beach and had been pending since November 2010;

   b. That Warrant J745105 should therefore be dismissed with prejudice;

    c.   That as to Warrant J745160, the warrant on its face was insufficient to support the charge; that the matter was originally brought in the Municipal Court for the Town of Atlantic Beach, was subsequently transferred to Horry County Central Jury Court and had been pending since November 2011;

    d.   That Warrant J745160 should be dismissed with prejudice;

    e.   That Uniform Citation 84509 EQ was improperly presented by Uniform Citation and required to be presented by warrant; was superseded by Warrant J745160 and Uniform Citation 84509 EQ should have been disposed of at that time;

    f.   That Uniform Citation 84509 EQ should be dismissed as improvidently written;

    g.   That as to the Search Warrant issued in connection with Warrant J745105, the property seized and cataloged in the Return to Search Warrant should be returned to Plaintiff, including any copies, clones or duplicates, within Ten (10) days of the service of the Order.

38. That Judge Livingston signed the Order Dismissing Warrants J745105, J745160 and Uniform Citation 84509 EQ on August 7, 2013 and the Order was filed on August 21, 2013.

39. That thereafter, a copy of Judge Livingston's Order filed August 21, 2013 was served upon the Defendant Town.

40. That to date, Defendant Town remains in possession of the property taken from Plaintiff and has failed to return the personal property to Plaintiff, in direct contravention of Judge Livingston's Order.

41. That Defendant Town and Defendant Police continue to accost, stop, harass, and molest Plaintiff when Plaintiff comes into Defendant Town to request information pursuant to FOIA and observe public Town Council meetings.

42. That there is a long and tortured history of litigation between Plaintiff and Defendant Town.

43. That Defendants Town and Police and their employees, agents, and officials continue to defame and threaten Plaintiff for exercising his rights to request public information and observe public meetings held in Defendant Town.

44. That in undertaking these activities, the Defendants Town and Police have violated Plaintiffs constitutional rights in one or more of the following:

    a. By repeatedly detaining and arresting Plaintiff under the guise of violations of the conditions of his Bond Orders, which is not an offense for which Plaintiff could be arrested in South Carolina;

    b. By repeatedly charging Plaintiff with harassment and stalking charges, in a concerted effort to prevent Plaintiff from observing and participating in the political process in the Defendant Town;

    c.  By repeatedly charging Plaintiff with harassment and stalking in an effort to prevent Plaintiff from requesting and/or receiving information pursuant to the Freedom of Information Act;

    d.  By refusing to return personal property of Plaintiff as required under Judge Livingston's Order filed August 21, 2013;

    e.  By engaging in a conspiracy amongst the councilmembers, town manager, chief of police and police officers, and other leaders of the Defendant Town to deprive Plaintiff of his ability to enter into the territorial limits of Defendant Town, and to suppress Plaintiff's ability to request and obtain public information pursuant to the Freedom of Information Act.

45.  That these efforts by the Defendant Town and Defendant Police have deprived Plaintiff of his civil rights, specifically: his rights under the First Amendment to the Constitution of the United States; the Fourth Amendment to the Constitution of the United States; and Fourteenth Amendment to the Constitution of the United States.

46. That as a result of the infringement of Defendants Town and Police upon Plaintiff's civil rights, Plaintiff is informed and believes that he is entitled to an award of damages due to the unreasonable and intentional interference with Plaintiff's constitutional rights.

<u>FOR A SECOND CAUSE OF ACTION</u>
(Conversion)

47. Plaintiff would re-allege and incorporate all prior and subsequent causes of action by reference as if set forth verbatim herein.

48. That on or about November 8, 2010, Eric Lewis, Chief of Police for the Town of Atlantic Beach obtained Arrest Warrant J-745105 for Plaintiff alleging First Degree Harassment against Plaintiff and a Search Warrant for Plaintiff's residence containing the following description:

    a. "608 31st Avenue South, Atlantic Beach, SC villas 1 and 2. Unit #16 located in building #1 upstairs unit which sit [sic] at the end of Building #1 Unit #108 sits directly under unit #16. The building is Yellow in Color. This Unit has a white door with the number 16 on it."

49. That the Search Warrant identified the property to be seized as "any audio and video log being on computer, flash drives, memory card and any audio, video photographic equipment and all documents and or files relating to Darnell Price, Wendy Price and their children."

50. That upon the execution of the Search Warrant on Plaintiff, Defendant Police searched Plaintiff's residence and seized the items listed in Paragraph 12 and its subparts *supra*.

51. That Defendants Police and Town indexed and logged the items into the Defendants' evidence room.

52. That since the execution of the Search Warrant, Defendants have been in possession of and remain in possession of Plaintiff's personal property.

53. That on February 18, 2013, a hearing was held before the Honorable Margie B. Livingston, Presiding Judge for Horry County Central Jury Court concerning Warrant Numbers J745105, J745160 and Uniform Citation Number 84509 EQ.

54. On March 19, 2013, Judge Livingston issued an Order Setting Trial Date, Scheduling Discovery, Dismissing any Pending ancillary Matters and Modifying Conditions of Bond, which was filed March 19, 2013.

55. After a hearing, the Order set the matter for trial on July 9, 2013 concerning Warrant Numbers J745105, J745160 and Uniform Citation Number 84509 EQ; required the Town of Atlantic Beach to provide *Brady* responses no later than March 11, 2013; dismissed any Rule to Show Cause which may be pending concerning alleged violations of bond; lifted all special conditions of bond except the "no contact" provision and the prohibition on photographing or videoing the alleged victims in their private lives; and transferring Uniform Citation Number 84509 EQ to Horry County Central Jury Court to be properly disposed of.

56. On July 9, 2013, the matter was called for trial before the Honorable Margie B. Livingston.

57. While attending to pre-trial matters, counsel for Plaintiff in the criminal case advised the Court that although a Preliminary Hearing had been timely requested by Plaintiff, a hearing had neither been scheduled nor held. That further, as a result, Plaintiff's counsel moved for a Probable Cause hearing which was unopposed by Defendant Town.

58. That as a result of the Probable Cause hearing, Judge Livingston issued an Order making several factual findings.

59. That Judge Livingston, in dismissing Warrants J745105, J745160 and Uniform Citation 84509 EQ with prejudice, found as follows:

a.  That as to Warrant J745105, the State had failed to prove probable cause to justify the charge; had originally been brought in Court of General Sessions, transferred to Municipal Court for the Town of Atlantic Beach and had been pending since November 2010;

b.  That Warrant J745105 should therefore be dismissed with prejudice;

c.  That as to Warrant J745160, the warrant on its face was insufficient to support the charge; that the matter was originally brought in the Municipal Court for  the Town of Atlantic Beach, was subsequently transferred to Horry County Central Jury Court and had been pending since November 2011;

d.  That Warrant J745160 should be dismissed with prejudice;

e.  That Uniform Citation 84509 EQ was improperly presented by Uniform Citation and required to be presented by warrant; was superseded by Warrant J745160 and Uniform Citation 84509 EQ should have been disposed of at that time;

f.  That Uniform Citation 84509 EQ should be dismissed as improvidently written;

g.  That as to the Search Warrant issued in connection with Warrant J745105, the property seized and cataloged in the Return to Search Warrant should be returned to Plaintiff, including any copies, clones or duplicates, within Ten (10) days of the service of the Order.

60. That Judge Livingston signed the Order Dismissing Warrants J745105, J745160 and Uniform Citation 84509 EQ on August 7, 2013 and the Order was filed on August 21, 2013 which required Defendants Town and Police to return Plaintiff's property.

61. That thereafter, a copy of Judge Livingston's Order filed August 21, 2013 was served upon the Defendant Town.

62. That to date, Defendant Town remains in possession of the property taken from Plaintiff and has failed to return the personal property to Plaintiff, in direct contravention of Judge Livingston's Order.

63. That Defendants have converted the personal property of Plaintiff and deprived him of possession and the use thereof since November 2010, even though ordered to return the property to Plaintiff by Judge Livingston's Order filed August 21, 2013.

64. That Defendants have failed to compensate Plaintiff for the value of the property taken and the deprivation of use due to Plaintiff for.

65. That as a result, Plaintiff has been injured by the conversion of his personal property by Defendants Town and Police, in that he has been deprived of its use, and respectfully requests an Order this Court requiring Defendants to return the property, in addition to an award of damages for the deprivation of its use in an amount equal to the value of the property taken by Defendants Town and Police.

66. Further, Plaintiff is informed and believes that he is entitled to a reasonable award of attorney's fees and costs for the wrongful and intentional conversion of Plaintiff's property by Defendants Town and Police.

FOR A THIRD CAUSE OF ACTION
(False Imprisonment)

67. Plaintiff would re-allege and incorporate all prior and subsequent causes of action by reference as if set forth verbatim herein.

68. That Plaintiff is a political activist and was engaged at all times relevant to this Complaint in investigating corruption occurring in Defendant Town, the failure of its officials to abide by generally applicable laws, the failure of Defendant Town to codify the Town Ordinances pursuant to §5-7-290, S.C. Code Ann. (2004), and election improprieties in which these officials were involved.

69. That Plaintiff oftentimes obtained information from Defendant Town pursuant to Freedom of Information Act (FOIA) requests made on Defendant Town.

70. That Plaintiff likewise, would regularly share information received in response to FOIA requests, as well as observations made by Plaintiff and the results of his investigations with the local media.

71. That Plaintiff was arrested on multiple occasions by Defendant Police, specifically as relevant to this Complaint, on November 8, 2010, November 21, 2011, and December 1, 2012 for harassment and stalking type offenses, relating to his involvement in investigating the corruption and improprieties of the public officials in Defendant Town. That further, on at least one occasions, Plaintiff was arrested for attempting to attend a disenfranchised voters meeting at First Missionary Baptist Church, on November 21, 2011, which was open to the public.

72. That in addition to the arrest identified, *supra*, Defendant Town filed Three (3) show cause motions alleging that Plaintiff violated the terms and conditions of his bond; however, only One (1) show cause motion was ever adjudicated.

73. That Defendant Police and Defendant Town engaged in a concerted effort to dissuade Plaintiff from continuing to investigate the corruption and impropriety engaged in by the public officials of Defendant Town by arresting Plaintiff on unsupported and unsubstantiated charges.

74. That the repeated arrests affected by Defendant Police at the behest of Defendant Town was an unlawful and intentional restraint upon Plaintiff with no basis or justification.

75. That as such, Defendant Police falsely imprison Plaintiff, under the color of state law, which infringed upon Plaintiff's civil rights.

76. That as a result of Defendants' false imprisonment, Plaintiff has been injured.

77. That Plaintiff is informed and believes that he is entitled to an award of actual damages and a reasonable award of attorney's fees for the false imprisonment of Plaintiff by Defendant Police and at the behest of Defendant Town.

FOR A FOURTH CAUSE OF ACTION
(Abuse of Process)

78. Plaintiff would re-allege and incorporate all prior and subsequent causes of action by reference as if set forth verbatim herein.

79. That Plaintiff is a political activist and was engaged at all times relevant to this Complaint in investigating corruption occurring in Defendant Town, the failure of its

officials to abide by generally applicable laws, and election improprieties in which these officials were involved.

80. That Plaintiff was arrested on multiple occasions by Defendant Police, specifically as relevant to this Complaint, on November 8, 2010, November 21, 2011, and December 1, 2012 for harassment and stalking type offenses, relating to his involvement in investigating the corruption and improprieties of the public officials in Defendant Town. That further, on at least one occasion, Plaintiff was arrested for attempting to attend a disenfranchised voters meeting at First Missionary Baptist Church which was open to the public.

81. That in addition to the arrest identified, *supra*, Defendant Town filed Three (3) show cause motions alleging that Plaintiff violated the terms and conditions of his bond; however, only One (1) show cause motion was ever adjudicated.

82. That Warrant J745105 was initially brought in the Court of General Sessions for the Fifteenth Judicial Circuit, and subsequently remanded to Atlantic Beach Municipal Court. Further, the case was again transferred from the Atlantic Beach Municipal Court to Horry County Central Jury Court. That further, the charges as shown on Warrant J745105 were active from November 2010 until dismissed by Order of Judge Livingston on August 21, 2013 for lack of probable cause.

83. That although Plaintiff had requested a preliminary hearing be held to determine the validity of Warrant J745105, no preliminary hearing was scheduled or held prior to the trial date of July 9, 2013.

84. That further, Defendant Police did not transmit Warrant J745105 to the Horry County Clerk of Court until January 28, 2011, more than Two (2) months after Plaintiff's arrest. That in doing so, Defendants violated Rule 3, South Carolina Rules of Criminal Procedure, which requires the warrant to be transmitted to the Clerk of Court within Fifteen (15) days of arrest.

85. That furthermore, Warrant J745105 was never presented to the Grand Jury and was never returned as a True Bill Indictment.

86. That Warrant J745160 was initially brought in Atlantic Beach Municipal Court and subsequently transferred to Horry County Central Jury Court. That further the charges shown on Warrant J745160 were active from November 2011 until dismissed by Order of Judge Livingston on August 21, 2013 as the warrant was defective on its face.

87. That Plaintiff was informed at the time of his arrest on November 21, 2011 that he was being arrested for a "violation of a condition of bond"; however, Plaintiff was served with Uniform Citation Number 84509EQ, which indicated a charge of "Harassment & Stalking 2". On November 22, 2011, during the bond hearing, Judge Scott, Presiding Municipal Court Judge for Town of Atlantic Beach, determined that the charge of "Harassment and Stalking 2nd Degree" was not properly presented on a Uniform Citation and thus filled out Warrant J745160 during the bond hearing.

88. That Judge Scott, asked Sargent Jackson, the arresting officer from Defendant Police, to serve Warrant J745160 on Plaintiff at the bench during the bond hearing held on November 22, 2011.

89. That although Warrant J745160 superseded Uniform Citation 84509EQ, the citation remained pending from its issuance November 21, 2011 until it was dismissed by Judge

Livingston's Order filed August 21, 2013, on the basis that the charge was not properly presented on a Uniform Citation.

90. That again, on or about December 1, 2012, Arrest Warrant M975785 was obtained by Horry County Police Officer Kenneth Kovarsky for Plaintiff's arrest charging Plaintiff again with Harassment 1st degree.

91. That Warrant M975785 was dismissed at preliminary hearing due to a finding that the matter was a "bond matter".

92. That after Warrant M975785 was dismissed at the preliminary hearing, Officer Kovarsky stated to Plaintiff's counsel that he was "going to get" Plaintiff.

93. That on July 9, 2013, prior to the commencement of the trial on Warrant J745105, Plaintiff's criminal counsel informed Judge Livingston that although the preliminary hearing had been requested, no preliminary hearing had been held. That Plaintiff's criminal counsel requested that a hearing be held, which Defendant Town not oppose.

94. That at that time, Judge Livingston conducted a probable cause hearing, which resulted in Warrants J745105, J745160 and Uniform Citation 84509EQ being dismissed with prejudice.

95. That Defendants Town and Police engaged in a concerted, calculated plan to prevent Plaintiff from continuing to expose the corruption and impropriety of the public officials associated with Defendant Town by repeatedly arresting Plaintiff, improperly charging Plaintiff, arresting Plaintiff for offenses which were arrestable offenses, and for failing to provide Plaintiff with due process of law.

96. That the actions taken by Defendant Town and Defendant Police were undertaken for an ulterior purpose, namely to drive Plaintiff from Defendant Town and to prevent Plaintiff

from continuing in his efforts to expose the wrongful acts being committed by the public officials of Defendant Town.

97. That Defendants Town and Police improperly employed the courts and criminal process in attempting to attain their goal.

98. That as a result, Plaintiff has been injured in an amount to be determined in the discretion of this Court for Defendants' abuse of process.

99. That Plaintiff is informed and believes that he is entitled to actual damages arising from Defendants' abuse of process, in addition to a reasonable award of attorney's fees and costs.

<u>FOR A FIFTH CAUSE OF ACTION</u>
(Violation of the First Amendment to the Constitution of the United States)

100.     Plaintiff would re-allege and incorporate all prior and subsequent causes of action by reference as if set forth verbatim herein.

101.     That Plaintiff is a political activist and was engaged at all times relevant to this Complaint in investigating corruption occurring in Defendant Town, the failure of its officials to abide by generally applicable laws, and election improprieties in which these officials were involved.

102.     That Plaintiff was arrested on multiple occasions by Defendant Police, specifically as relevant to this Complaint, on November 8, 2010, November 21, 2011, and December 1, 2012 for harassment and stalking type offenses, relating to his involvement in investigating the corruption and improprieties of the public officials in Defendant Town. That further, on at least one occasions, Plaintiff was arrested for attempting to attend a town council meeting which was open to the public.

103.    That in addition to the arrest identified, *supra*, Defendant Town filed Three (3) show cause motions alleging that Plaintiff violated the terms and conditions of his bond; however, only One (1) show cause motion was ever adjudicated.

104.    That Warrant J745105 was initially brought in the Court of General Sessions for the Fifteenth Judicial Circuit, and subsequently remanded to Atlantic Beach Municipal Court. Further, the case was again transferred from the Atlantic Beach Municipal Court to Horry County Central Jury Court. That further, the charges as shown on Warrant J745105 were active from November 2010 until dismissed by Order of Judge Livingston on August 21, 2013 for lack of probable cause.

105.    That although Plaintiff had requested a preliminary hearing be held to determine the validity of Warrant J745105, no preliminary hearing was scheduled or held prior to the trial date of July 9, 2013.

106.    That Warrant J745160 was initially brought in Atlantic Beach Municipal Court and subsequently transferred to Horry County Central Jury Court. That further the charges shown on Warrant J745160 were active from November 2011 until dismissed by Order of Judge Livingston on August 21, 2013 as the warrant was defective on its face.

107.    That Plaintiff was informed at the time of his arrest on November 21, 2011 that he was being arrested for a "violation of a condition of bond"; however, Plaintiff was served with Uniform Citation Number 84509EQ, which indicated a charge of "Harassment & Stalking 2". On November 22, 2011, during the bond hearing, Judge Scott, Presiding Municipal Court Judge for Town of Atlantic Beach, determined that the charge of "Harassment and Stalking 2nd Degree" was not properly presented on a Uniform Citation and thus filled out Warrant J745160 during the bond hearing.

108.    That Judge Scott, asked Sargent Jackson, the arresting officer from Defendant Police, to serve Warrant J745160 on Plaintiff at the bench during the bond hearing held on November 22, 2011. That further, Plaintiff was required to post a Three Thousand and 00/100ths Dollars ($3,000.00) bond which was equal to Six (6) times the maximum fine, Five Hundred and 00/100ths Dollars ($500.00) associated with the charge.

109.    That although Warrant J745160 superseded Uniform Citation 84509EQ, the citation remained pending from its issuance November 21, 2011 until it was dismissed by Judge Livingston's Order filed August 21, 2013, on the basis that the charge was not properly presented on a Uniform Citation.

110.    That again, on or about December 1, 2012, Arrest Warrant M975785 was obtained by Horry County Police Officer Kenneth Kovarsky for Plaintiff's arrest charging Plaintiff again with Harassment 1st degree.

111.    That Warrant M975785 was dismissed at preliminary hearing due to a finding that the matter was a "bond matter".

112.    That after Warrant M975785 was dismissed at the preliminary hearing, Officer Kovarsky stated to Plaintiff's counsel that he was "going to get" Plaintiff.

113.    That on July 9, 2013, prior to the commencement of the trial on Warrant J745105, Plaintiff's criminal counsel informed Judge Livingston that although the preliminary hearing had been requested, no preliminary hearing had been held. That Plaintiff's criminal counsel requested that a hearing be held, which Defendant Town not oppose.

114.    That at that time, Judge Livingston conducted a probable cause hearing, which resulted in Warrants J745105, J745160 and Uniform Citation 84509EQ being dismissed with prejudice.

115.     That Defendants Town and Police engaged in a concerted, calculated plan to prevent Plaintiff from continuing to expose the corruption and impropriety of the public officials associated with Defendant Town by repeatedly arresting Plaintiff, improperly charging Plaintiff, arresting Plaintiff for offenses which were arrestable offenses, and for failing to provide Plaintiff with due process of law.

116.     That the actions taken by Defendant Town and Defendant Police were undertaken for an ulterior purpose, namely to drive Plaintiff from Defendant Town and to prevent Plaintiff from continuing in his efforts to expose the wrongful acts being committed by the public officials of Defendant Town.

117.     That the actions of Defendant Town and Defendant Police were in violation of Plaintiff's First Amendment rights to free speech, to peaceably assemble and petition the government for a redress of grievances.

118.     That Defendant Town and Police attempted to prevent Plaintiff from exercising these rights by unlawfully arresting Plaintiff for taking photographs and videos of a public figure on a public right of way; for arresting Plaintiff for offenses which are not arrestable offenses; for attempting to bar Plaintiff from access to public town council meetings; and threatening and attempting to intimidate Plaintiff for requesting public information, pursuant to the Freedom of Information Act.

119.     That as a result of the actions of Defendant Town and Police, Plaintiff has been injured and is informed and believes that he is entitled to an award of damages and a reasonable amount of attorney's fees and costs as a result of Defendants Town and Police's repeated violations of Plaintiff's First Amendment rights.

<u>FOR A SIXTH CAUSE OF ACTION</u>

(Violation of the Fourth Amendment to the Constitution of the United States)

120.    Plaintiff would re-allege and incorporate all prior and subsequent causes of action by reference as if set forth verbatim herein.

121.    That on November 8, 2010, Chief Eric Lewis of Defendant Police obtained Warrant J745105 for Plaintiff's arrest for Harassment 1st Degree which was served on Plaintiff on November 9, 2010.

122.    That the affidavit attached to Warrant J745105 alleged that Plaintiff, on Four (4) separate occasions, Plaintiff unreasonably intruded into the private lives of the victims, namely Councilmember Windy Price and her husband Darnell Price, by photographing and/or videotaping them. That further, one of the instances cited in the affidavit attached to the warrant was an incident initiated by Darnell Price, which resulted in Mr. Price's arrest.

123.    That Plaintiff conducted his investigation into whether Councilmember Price's eligibility to run for Town Council as she did not reside within the territorial limits of Defendant Town from public right of ways and roadways. Further, that due to Councilmember Price's interjection into the political arena, Councilmember Price was a public figure.

124.    That at the same time Warrant J745105 was issued, a companion Search Warrant was issued, served on Plaintiff and executed, identifying the following items to be seized: "any audio and video log being on computer, flash drives, memory card and any audio, video photographic equipment and all documents and or files relating to Darnell Price, Wendy Price and their children."

125.     That Defendant Police seized numerous items from Plaintiff's residence as a result of the search of Plaintiff's residence, which upon information and belief, remains in the care, custody and control of Defendants Town and Police.

126.     That upon Plaintiff's arrest, Plaintiff requested a preliminary hearing to determine whether probable cause supported Plaintiff's arrest by Defendant Police.

127.     That although Plaintiff timely requested a preliminary hearing, no such hearing was held prior to the July 9, 2013 hearing, at which time Plaintiff's criminal counsel informed the Court of their prior request for a probable cause hearing and verbally renewed that request.

128.     That upon information and belief, the delay in holding a probable cause hearing was due to the failure of Defendants to abide by Rule 3, South Carolina Rules of Criminal Procedure, which requires that the warrant be transmitted to the Clerk of court within Fifteen (15) days of the date of arrest. That further, although Plaintiff was arrested on November 9, 2010, Warrant J745105 was not transmitted to the Clerk of Court until January 28, 2011, presumably after Plaintiff's request for a probable cause hearing had been made.

129.     That furthermore, Warrant J745105 was never submitted to the Grand Jury and was never returned a True Bill Indictment.

130.     That on July 9, 2013, the Honorable Margie B. Livingston, Presiding Magistrate Court Judge held a probable cause hearing which resulted in Warrant J745105 being dismissed for lack of probable cause.

131.    That based upon the ruling of Judge Livingston relative to Warrant J745105, no probable cause existed to support the issuance of Warrant J745105, which suggests that likewise, no probable cause existed to support the issuance of the Search Warrant.

132.    That the issuance of the Search Warrant in connection with Warrant J745105 as well as it's execution and the subsequent seizure of Plaintiff's property violated Plaintiff's Fourth Amendment rights against unreasonable searches and seizures.

133.    That as a result, Plaintiff has been injured and is, upon information and belief, entitled to an award of damages and a reasonable award of attorney's fees for the violation of Plaintiff's fourth Amendment rights by Defendants Town and Police.

<u>FOR A SEVENTH CAUSE OF ACTION</u>
(Violation of the Fourteenth Amendment to the Constitution of the United States)

134.    Plaintiff would re-allege and incorporate all prior and subsequent causes of action by reference as if set forth verbatim herein.

135.    That Defendants have abridged Plaintiff's constitutionally protected freedoms and violated Plaintiff's civil rights by:

    a.  Repeatedly arresting Plaintiff in an effort to prevent Plaintiff from exposing corruption and impropriety on the part of the candidates and elected officials of Defendant Town;

    b.  Repeatedly arresting Plaintiff in an attempt to prevent Plaintiff from attending public council meetings;

    c.  By frustrating Plaintiff's efforts to obtain public information to which Plaintiff is entitled under the Freedom of Information Act;

d. By failing to return Plaintiff's property after being ordered to return said property by judicial order;

e. By denying Plaintiff due process of law;

f. By attempting to use the court system to intimidate Plaintiff into discontinuing his efforts to expose the corruption and improprieties in which the candidates and elected officials of Defendant Town are engaged;

g. By failing to abide by the South Carolina Rules of Criminal Procedure as they relate to the adjudication of the charges brought against Plaintiff.

136.    That Plaintiff's Fourteenth Amendment rights have been violated by Defendants Town and Police in a concerted effort to influence Plaintiff's exercise of his constitutional and civil rights by engaging in a pattern intended to intimidate, frustrate and prevent Plaintiff from exposing the corruption and impropriety of the candidates, public officials, and elected officials of Defendant Town.

137.    That Plaintiff is informed and believes that he is entitled to an award of damages and a reasonable award of attorney's fees for the Defendants deprivation of his constitutional and civil rights as protected under the Fourteenth Amendment.

WHEREFORE, having fully set forth their Complaints against the Defendants above named, Plaintiffs pray for relief as follows:

A.    For an award of damages due to the unreasonable and intentional interference with Plaintiff's constitutional rights;

B.    For an Order of this Court requiring Defendants to return Plaintiff's property, in addition to an award of damages for the deprivation of its use in an amount equal to the value of the property taken by Defendants Town and Police.

C.      For an award of attorney's fees and costs for the wrongful and intentional conversion of Plaintiff's property by Defendants Town and Police.

D.      For an award of actual damages and a reasonable award of attorney's fees for the false imprisonment of Plaintiff by Defendant Police and at the behest of Defendant Town.

E.      For an award in an amount to be determined in the discretion of this Court for Defendants' abuse of process.

F.      For an award of actual damages arising from Defendants' abuse of process, in addition to a reasonable award of attorney's fees and costs.

G.      For an award of damages and a reasonable amount of attorney's fees and costs as a result of Defendants' Town and Police repeated violations of Plaintiff's First Amendment rights.

H.      For an award of damages and a reasonable award of attorney's fees for the violation of Plaintiff's Fourth Amendment rights by Defendants Town and Police.

I.      For an award of damages and a reasonable award of attorney's fees for the Defendants' deprivation of Plaintiff's constitutional and civil rights as protected under the Fourteenth Amendment.

J.      For such other and further relief as this Court deems just and proper.

> /s/ Randall K. Mullins
> /s/ Jarrod E. Ownbey
> RANDALL K. MULLINS Fed. ID No.: 3607
> JARROD E. OWNBEY Fed ID No.: 10519
> ATTORNEYS FOR PLAINTIFF
> Post Office Box 585
> North Myrtle Beach, SC 29597
> (843) 272-8902 Telephone
> (843) 272-3075 Facsimile
> mullinslawfirm@aol.com

Dated: 19 August 2015
N. Myrtle Beach, SC